IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| GEORGE COOK, ) | CIVIL ACTION NO. 9:12-2921-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI)[2] with a protective filing date of March 19, 2009, alleging disability as of March 1, 2008 due to various medical complaints and impairments. (R.pp. 36, 105-112, 129, 136). Both of Plaintiff's applications were denied initially, and Plaintiff did not appeal the denial of his application

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the Defendant in this lawsuit.

[2]Although the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that [he] was disabled during the insured period for DIB may still receive SSI benefits if [he] can establish that [he] is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir. 1999)[Discussing the difference between DIB and SSI benefits].



for DIB. (R.pp. 54-56). With respect to Plaintiff's SSI application, this application was also denied upon reconsideration, following which he request a hearing before an Administrative Law Judge (ALJ), which was held on March 14, 2011. (R.pp. 32-48). The ALJ thereafter denied Plaintiff's claim in a decision issued April 28, 2011. (R.pp. 15-31). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-7).

Plaintiff then filed this action in this United States District Court, asserting that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further consideration, or for an outright award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].



Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

**Discussion**

A review of the record shows that Plaintiff, who was fifty-four (54) years old when he alleges he became disabled, has a tenth grade education with past relevant work experience as a janitor and maintenance worker. (R.pp. 34-36, 39, 109, 130, 134, 144). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[3] of arthritis and status post abdominal surgery, he nevertheless retained the residual functional capacity (RFC) to perform the full range of medium work[4], that Plaintiff's past relevant work as a janitor did not require the performance of work related activities precluded by his RFC, and that he was therefore not entitled to disability benefits. (R.pp.

---

[3] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).

[4] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).



20, 23, 26).

Plaintiff asserts that in reaching this decision, the ALJ erred by failing to properly review and consider the evidence supporting Plaintiff's claim that his impairments are of a disabling severity, in particular by failing to properly consider Plaintiff's long standing history of chronic kidney disease, as well as by determining that Plaintiff was capable of returning to his past relevant work. Plaintiff further argues that the Appeals Council erred in determining that the evidence submitted as part of Plaintiff's appeal was not relevant because it fell outside of the applicable time period for Plaintiff's claim. After careful review and consideration of the arguments and records submitted, the undersigned finds and concludes for the reasons set forth below that the Plaintiff is entitled to a reversal of the decision with an order of remand to the Commissioner for further proceedings.

**I.**

The record reflects that one of Plaintiff's treating physicians was Dr. Charles Effiong of the Franklin Fetter Family Health Center. Plaintiff was first seen by Dr. Effiong in May 2009 for complaints of joint swelling and pain as well as possible gout, and following tests Plaintiff was diagnosed by Dr. Effiong with, among other medical problems, Stage III chronic kidney disease. The medical records show that Plaintiff continued to be seen by Dr. Effiong through at least February 2011, with Dr. Effiong continuing to record diagnoses of Stage III chronic kidney disease along with other maladies. See generally (R.pp. 203-207, 241, 245, 248-250, 300-306).

Although Dr. Effiong's records were before the ALJ when he issued his decision, he does not mention Dr. Effiong by name and only generally notes that the treatment records from the Franklin Fetter Health Center from May 2009 (Exhibit 6F) reflect that Plaintiff reported joint



swelling and pain, but that he had a normal musculoskeletal examination. (R.p. 25). The ALJ also, in a separate portion of his decision, references an exhibit number (12F) which is for records from the Franklin Fetter Health Center as part of a finding by the ALJ that there was "no evidence that the [Plaintiff] sought significant medical treatment for significant hypertensive-related symptoms". (R.p. 20).[5] However, notwithstanding Dr. Effiong's findings and opinion as recorded in his treatment notes that Plaintiff had Stage III chronic kidney disorder, the ALJ makes the specific finding that there is "no evidence that the [Plaintiff] has been diagnosed with a condition involving his kidneys", and therefore found that this was not a medically determinable impairment. (R.p. 21).[6]

As a treating physician, Dr. Effiong's opinion would ordinarily be entitled to great weight; Craig v. Chater, 76 F.3d 589-590 (4th Cir. 1996)[noting importance of treating physician opinions]; and if this opinion was to be rejected, it was incumbent upon the ALJ to justify doing so. Morales v. Apfel, 225 F.3d 310, 317-318 (3d Cir. 2000) [ALJ must explicitly weigh the evidence and explain his rejection of the medical opinion of a treating physician]; cf. Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002)[Treating physician's opinion may be entitled to "less weight" where it is inconsistent or contrary to the medical evidence as a whole]. As the ALJ did not explain his rejection of Dr. Effiong's opinion that Plaintiff suffered from Stage III chronic kidney disease, and indeed does not appear to have even considered this diagnosis since he found there was "no evidence" of any diagnoses involving Plaintiff's kidneys, Plaintiff is entitled to a remand of the case for a proper consideration and evaluation of this evidence and opinion. Cf. Cotter v. Harris, 642

---

[5]Among the other maladies, Dr. Effiong opined that Plaintiff suffered from hypertension. (R.pp. 203-204).

[6]This finding is apparently based on an August 2009 ultrasound which found Plaintiff had an enlarged prostate, but "normal" kidneys and bladder. (R.p. 241).

5



F.2d 700 (3rd Cir. 1981) [listing cases remanded because of failure to provide explanation or reason for rejecting or not addressing relevant probative evidence]; see also (R.pp. 203, 205-206, 255-256).

**II.**

In addition to the error noted hereinabove, following the issuance of the ALJ's decision, Plaintiff submitted additional evidence to the Appeals Council from Dr. Effiong which included an Attending Physician Statement in which Dr. Effiong again opines that Plaintiff has advanced kidney disease as well as other impairments, and articulating that as a result of his medical condition Plaintiff would have the ability to lift and/or carry only ten pounds occasionally, five pounds frequently during a normal work day; that he could sit, stand or walk for less than one hour in an eight hour work day; and never engage in a wide range of other activities, all of which are contrary to the RFC finding in the ALJ's decision. Cf. (R.pp. 14, 23). Dr. Effiong's opinion as to Plaintiff's functional limitations as set forth in this Attending Physician Statement are also contrary to the ALJ's findings in his decision that there was "no evidence" that Plaintiff had an inability to ambulate effectively, to sustain consistent function, or that he was in any way limited in his ability to sit, stand and walk. (R.pp. 23, 26).

As noted, this new evidence was submitted to the Appeals Council as part of Plaintiff's appeal, and pursuant to 20 C.F.R. §404.970

> (b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence . . . where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b).



In order to be "new" evidence, the evidence must not be "duplicative or cumulative"; and in order to be "material", there must be a "reasonable possibility that it would have changed the outcome". Wilkins v. Secretary of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991).  This evidence was obviously "new", since it was not evidence that had been considered by the ALJ.  However, the Appeals Council ruled that it did not provide a basis for changing the administrative law judge's decision, specifically finding with respect to the Attending Physician Statement that this document contained "information [ ] about a later time" and therefore did not affect the decision about whether Plaintiff was disabled beginning on or before April 28, 2011 (the date of the ALJ's decision).

The Appeals Council determination was based on a finding that Dr. Effiong's Attending Physician Statement was dated May 5, 2011, and was therefore from "a later time" after the ALJ's decision. (R.p. 2).[7]  However, Plaintiff argues, and the undersigned agrees, that what the Appeals Council took to be a date of "May 5, 2011", is actually part of a concluding sentence at the bottom of the Attending Physician Statement wherein Dr. Effiong opines that Plaintiff "may soon need dialysis". (R.p. 14).  Plaintiff also points out that this document contains a date stamp of August 4, 2009 in the upper left hand corner, which would appear to indicate that this document was generated during Plaintiff's period of treatment by Dr. Effiong from May 2009 through February 2011.

Hence, the evidence submitted to the Appeals Council is from a treating physician covering the time period encompassed by the decision and setting forth specific functional limitations purportedly caused by Plaintiff's impairments, an opinion which was not considered by

---

[7]This conclusion by the Appeals Council was in spite of the fact that, even assuming May 5, 2011 was the correct date on the document, this would have been only one week after the decision of the ALJ.



the ALJ (since it was not submitted until the case was before the Appeals Council), and which directly contradicts the finding in the decision that there was "no evidence" that Plaintiff had an inability to ambulate effectively or was limited in his ability to sit, stand and walk. Therefore, the undersigned cannot find that there is "no reasonable possibility that [this evidence] would have changed the outcome"; Wilkins, 953 F.2d at 96; and remand is therefore required for a proper consideration of this evidence.

### III.

In summary, while it is certainly possible that the ALJ on remand might still reach the same conclusions as set forth in the original decision even after proper consideration and weighing of Dr. Effiong's findings and opinions as set forth in his medical records and in the attending physician statement submitted to the Appeals Council, that is a finding that must be made by the ALJ, not by this Court in the first instance. Morales, 225 F.3d at 317-318 [ALJ must explicitly weigh the evidence and explain his rejection of the medical opinion of a treating physician]; Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009)["Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have thinking."]. Therefore, this case should be reversed and remanded for consideration of Plaintiff's RFC after proper consideration and weighing of the opinion and evidence from Plaintiff's treating physician, Dr. Charles Effiong. Craig, 76 F.3d at 590 [noting importance of treating physician opinions]; cf. Dewey v. Barnhart, No. 05-3329, 2006 WL 1109767 (10th Cir. Apr. 27, 2006) [Case remanded where medical evidence did not support ALJ's RFC finding].



With respect to Plaintiff's remaining claims of error, on remand the ALJ will reconsider and re-evaluate the evidence in toto as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for a proper evaluation and consideration of the opinion of treating physician Dr. Charles Effiong, to include the additional evidence submitted to the Appeals Council, and for such further administrative action as may be necessary. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 4, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

