**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| GEORGE COOK,            )<br>                                 )<br>         Claimant,         )<br>                                 )<br>   vs.                        )<br>                                 )<br> CAROLYN W. COLVIN, *Acting*  )<br> *Commissioner of Social Security,* )<br>                                 )<br>         Defendant.       )<br>                                 ) | No. 9:12-cv-02921-DCN<br><br><br><br>**ORDER** |

This matter is before the court on United States Magistrate Judge Bristow Marchant's report and recommendation ("R&R") that the court reverse the Commissioner of Social Security's decision to deny claimant George Cook's application for supplemental security income ("SSI"). Cook has filed objections to the R&R. For the reasons set forth below, the court adopts the R&R, reverses the Commissioner's decision, and remands the case for further administrative proceedings.

## I.  BACKGROUND

Unless otherwise noted, the background of this case is taken from the R&R. The court dispenses with a recitation of Cook's medical history because it is not germane to the resolution of this matter.

### A.  Procedural History

Cook filed an application for disability insurance benefits ("DIB") and SSI with a protective filing date of March 19, 2009, alleging that he had been disabled since March 1, 2008. The Social Security Administration ("the Agency") denied Cook's DIB application and he did not appeal that decision. The Agency denied Cook's SSI

1

application both initially and on reconsideration. Cook requested a hearing before an administrative law judge ("ALJ") and ALJ Richard L. Vogel presided over a hearing held on March 4, 2011. In a decision issued on April 28, 2011, the ALJ determined that Cook was not disabled. The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied further review on April 14, 2011.

Cook filed this action for judicial review on October 10, 2012. On February 23, 2012, Cook filed a brief requesting that this court reverse the Commissioner's decision and award him benefits. The Commissioner filed a brief contending that the ALJ's decision was supported by substantial evidence. On November 4, 2013, the magistrate judge issued the R&R, recommending that the Commissioner's decision be affirmed and Cook's motion be denied. R&R 9. Cook filed objections to the R&R on November 20, 2013 and the Commissioner replied to Cook's objections on December 9, 2013. This matter has been fully briefed and is now ripe for the court's review.

**B. ALJ's Findings**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404,

Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her RFC) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

      To determine whether Cook was disabled from March 1, 2008, through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process.  At step 1, the ALJ found that Cook did not engage in substantial gainful activity during the period at issue.  Tr. 20.  At step two, the ALJ found that Cook suffered from the following severe impairments: arthritis and status post abdominal surgery.  Id.  At step three, the ALJ found that Cook's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's listing of impairments. Tr. 23.  Before reaching the fourth step, the ALJ determined that Cook retained the residual functional capacity to perform work the full range of medium work with several restrictions.  Tr. 24.  Specifically, the ALJ found that Cook can lift and carry up to fifty pounds occasionally and twenty-five pounds frequently, as well as stand, walk, and sit for six hours each in an eight-hour work day.  Id.  At the fourth step, the ALJ found that Cook was capable of performing his past relevant work as a janitor, which did not require

the performance of work-related activities precluded by the claimant's residual functional capacity. Tr. 26. Finally, at the fifth step, the ALJ found that Cook could perform jobs existing in significant numbers in the national economy and concluded Cook was not disabled during the period at issue. Id.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

## III.  DISCUSSION

In the R&R, the magistrate judge explains that the ALJ erred by failing to address the medical opinion of Dr. Charles Effiong, Cook's treating primary care doctor, and that

the Appeals Council erred by failing to consider new and material evidence, including a statement written by Dr. Effiong, when it denied Cook's request for review.  Neither party objects to these findings.  Rather, Cook contends that the magistrate judge erred by recommending that his case be remanded to the Agency for further consideration.  Cook contends that "remand back to the particular ALJ who first heard his case would serve no purpose" because "ALJ Vogel has a history of failing to abide by remand instructions from this court."  Cook's Objections 2.  Cook seeks outright reversal of the ALJ's decision while the Commissioner counters that remand for further consideration by the Agency is appropriate.

Federal law allows district courts to remand Social Security appeals in two different ways.  Under the fourth sentence of 42 U.S.C. § 405(g), courts "have power to enter . . . judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Under the sixth sentence of § 405(g),

> The district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.

Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991) (citing 42 U.S.C. § 405(g)).

The Fourth Circuit has explained that outright reversal – without remand for further consideration – is appropriate under sentence four "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose."  Breeden v. Weinberger, 493 F.2d 1002, 1012 (4th Cir. 1974).  Reversal with

instructions that the Agency award benefits is appropriate where a claimant has presented clear and convincing evidence that he is entitled to benefits. Veeney ex rel. Strother v. Sullivan, 973 F.3d 326, 333 (4th Cir. 1992) (citing Sahara Coal Co. v. United States Dep't of Labor, 946 F.2d 554, 558 (7th Cir. 1991) ("If the outcome of a remand is foreordained, we need not order one.")). "The award of benefits is particularly appropriate where there has been protracted litigation over many years." Woodley v. Astrue, No. 11-cv-03202, slip op. at 14 (D.S.C. Mar. 3, 2013).

Cook's assertions to the contrary, he has not shown clear and convincing evidence that he is entitled to benefits. Nor has this case been the subject of protracted litigation, as Cook first sought disability benefits from the Agency in 2009. Rather, as the magistrate ably explained, remanding this case for further consideration is appropriate because it will allow the ALJ to consider evidence that has not been previously submitted for his review, including Dr. Effiong's attending physician statement. Remand will also allow the ALJ to weigh Dr. Effiong's findings against the balance of the evidence and to explain whether Dr. Effiong's opinion is entitled to controlling weight under 20 C.F.R. § 404.1527(c)(2). Finally, the fact that ALJ Vogel did not follow the district court's remand instructions in Woodley, an unrelated case, does not foreclose the possibility that he will do so in this case. As a result, the court cannot find that remand would serve no purpose.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's report & recommendation, ECF No. 19, **REVERSES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further proceedings.

AND IT IS SO ORDERED.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 3, 2014**
**Charleston, South Carolina**